IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID A. JACKSON-MACKAY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-1029-PRW |
| ) | |
| UNITED STATES MARSHAL ) | |
| SERVICE et al., ) | |
| ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing *pro se*, has filed this action seeking reimbursement for lost or stolen property together with related costs and attorney fees. Pursuant to an order entered by United States District Judge Patrick R. Wyrick, this matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C § 636(b)(1)(B).

On April 19, 2024, the undersigned entered an order granting Plaintiff's Motion to Proceed *In Forma Pauperis,* (ECF No. 14), but ordered Plaintiff to pay an initial partial filing fee of $29.67. Plaintiff's deadline for submitting said payment was May 6, 2024. Plaintiff was advised that he could voluntarily dismiss this action in accordance with Fed. R. Civ. P. 41(a) on or before May 6, 2024, without incurring any fees or costs. On May 24, 2024, Plaintiff had failed to pay the initial partial filing fee as ordered. The undersigned therefore entered a Report and Recommendation for failure to pay the required initial partial filing fee. *See* ECF No. 15. Plaintiff filed an Objection (ECF

No. 16) advising the Court that his financial situation had changed. Considering the Objection, United States District Judge Patrick R. Wyrick re-referred the matter for further consideration in an Order declining to adopt the Report and Recommendation. *See* ECF No. 17. Plaintiff's Objection informed the Court that "his financial situation had significantly changed" and that he "no longer receives regular gifts from outside sources". Plaintiff also informed the Court that he was being hindered from presenting a current certified copy of his inmate trust account. Further Plaintiff asserted the Court should modify its previous requirement for an initial partial payment. *See* ECF No. 16.

As stated above, Plaintiff has been granted leave to proceed *in forma pauperis*. In determining that ruling the undersigned thoroughly considered Plaintiff's ability to pay.[1] The Objection does not provide sufficient documentation to modify the previous order requiring

---

[1] Plaintiff's current inmate account noted a balance of $.21, however deposits to Plaintiff's inmate account reflect a total of $890.00 in the 6-month period prior to initiating this action and the 4-month period since the filing of this action or April 28, 2023 through February 27, 2024. See ECF No. 12-1 and 12-2. The PLRA provides that "indigent prisoners need not pay federal court filing fees in full prior to initiating litigation or an appeal," but they must make monthly partial payments to satisfy the fee, and "[t]he amount of the initial payment depends on the average deposits to and balance in the prisoner's inmate account." *Cosby v. Meadors*, 351 F.3d, 1326 (10th Cir. 2003).

Further when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments. If a prisoner has the means to pay, failure to pay the filing fee required by § 1915(b) may result in the dismissal of a prisoner's civil action. *See In re Smith*, 114 F.3d at 1251; *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir.1997).

an initial partial payment of $29.67.[2] Therefore, the Plaintiff was ordered to resubmit his IFP Motion, with the required certifications and information for the period covering November 13, 2023 through July 17, 2024, including deposits, withdrawals and current balance on the date of certification. Plaintiff's deadline to comply with this Order and return the above identified documentation was August 2, 2024. Alternatively, Plaintiff was permitted to pay the initial partial filing fee of $29.67 within this same deadline.

As of this date, Plaintiff has failed to submit the required financial information, nor has he paid the initial partial filing fee as also permitted. In fact, Plaintiff has failed to respond to the Court's Order in any way. Further, there is no indication from the docket that Plaintiff did not receive the Court's previous Order which were mailed to Plaintiff's address of record. *See* ECF No. 18 and Staff notes dated 7/17/2024; LCvR 5.4(a).

Thus, the action is subject to dismissal without prejudice to re-filing. LCVR 3.4(a); *See Cosby v. Meadors*, 351 F.3d 1324, 1326-33 (10th Cir. 2003) (upholding dismissal of civil rights complaint based on noncompliance with orders requiring installments on the filing fee or to show cause for the failure to pay). *See also Kennedy v. Reid*, No. 06-1075, 208 Fed. Appx. 678 (10th Cir. Dec. 13, 2006) (finding no abuse

---

[2] Federal law requires prisoners seeking leave to proceed in forma pauperis to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." *See* 28 U.S.C. § 1915(a)(2). The statement of institutional accounts must be fully and accurately executed by the appropriate prison official and accompanied by a certified copy of Plaintiff's trust fund account for the Court to rule on Plaintiff's request.

3

of discretion in district court's dismissal without prejudice of section 1983 action due to litigant's failure to timely pay initial filing fee); *Campanella v. Utah County Jail*, Nos. 02-4183, 02-4215, 02-4235, 78 Fed. Appx. 72, 73 (10th Cir. Oct. 10, 2003) (same). Moreover, under Fed. R. Civ. P. 41(b) a district court may dismiss an action because the plaintiff fails to comply with a court order requiring partial payments. *Cosby*, 351 F.3d at 1327.

## RECOMMENDATION

In light of the foregoing, the undersigned hereby recommends that this action be **DISMISSED** without prejudice for Plaintiff's failure to comply with a Court order and failure to pay the initial filing fee as ordered by the Court.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised that any objections to this Report and Recommendation must be filed with the Clerk of this Court on or before **September 9, 2024**, in accordance with 28 U.S.C § 636 and Federal Rule of Civil Procedure 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both the factual findings and the legal issues decided herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This report and recommendation terminates the referral to the undersigned magistrate judge unless and until the matter is re-referred.

ENTERED on August 23, 2024.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE