IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID A. JACKSON-MACKAY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-23-1029-PRW |
| UNITED STATES MARSHAL SERVICE, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is Magistrate Judge Shon T. Erwin's Report and Recommendation (Dkt. 19), recommending that this action be dismissed without prejudice for failure to comply with the Court's order and for failure to pay the initial filing fee.

Plaintiff initially filed a Motion for Leave to Proceed In Forma Pauperis on November 13, 2023 (Dkt. 2). Magistrate Judge Erwin identified several deficiencies with the Motion and ordered Plaintiff to file a corrected in forma pauperis motion (Dkt. 5). Plaintiff did not comply with Judge Erwin's order within the allotted timeframe, so Judge Erwin entered his first Report and Recommendation in this matter (Dkt. 6), recommending that this action be dismissed without prejudice for failure to comply with the Court's order. Plaintiff did not file an objection, but instead filed another deficient in forma pauperis motion on January 8, 2024 (Dkt. 7). In light of the new motion, this Court declined to adopt Judge Erwin's Report and Recommendation and ordered Plaintiff to file a corrected in forma pauperis motion (Dkt. 8). Plaintiff filed another in forma pauperis motion, which

1

corrected some of the deficiencies, but not all of them (Dkt. 12). The matter was referred back to Judge Erwin for consideration (Dkt. 13).

While still not fully compliant, Plaintiff's Second Amended Application to Proceed in District Court without Prepaying Fees or Costs (Dkt. 12) was granted on April 19, 2024, by Magistrate Judge Erwin. In his Order granting Plaintiff's Motion to Proceed In Forma Pauperis (Dkt. 14), Judge Erwin ordered Plaintiff to pay an initial filing fee of $29.67 or show cause in writing as to why Plaintiff cannot make the payment by May 6, 2024. After Plaintiff did not timely pay the initial filing fee or show cause in writing, Judge Erwin entered a second Report and Recommendation (Dkt. 15), recommending that Plaintiff's action be dismissed without prejudice. Plaintiff filed an objection to the Report and Recommendation, stating that his financial condition had changed, and he was no longer in a position to afford the initial filing fee. This Court referred the matter back to Judge Erwin for further consideration in light of Plaintiff's apparent attempt at complying with Judge Erwin's show cause order.

Judge Erwin then ordered Plaintiff to submit a new in forma pauperis application—in compliance with federal law[1]—demonstrating the change in his financial situation, or to pay the initial filing fee by August 2, 2024 (Dkt. 18). Plaintiff did not comply with the Court's order within the allotted timeframe, so Judge Erwin entered his third Report and Recommendation (Dkt. 19), again recommending that this action be dismissed without

---

[1] *See* 28 U.S.C. § 1915(a)(2).

prejudice for Plaintiff's failure to comply with the Court's order and failure to pay the initial filing fee. Objections were due by September 9, 2024.

On August 26, 2024, the Court received Plaintiff's Third Amended Motion to Proceed In Forma Pauperis (Dkt. 20). And on September 30, 2024, the Court received Plaintiff's objection to the Report and Recommendation (Dkt. 21), in which Plaintiff argues that he attempted to comply with Judge Erwin's order by timely submitting a third amended motion to proceed in forma pauperis, but that it was not received by the Court.[2] Notably, however, the Third Amended Motion to Proceed In Forma Pauperis—which is Plaintiff's fourth motion to proceed in forma pauperis (*See* Dkts. 2, 7, 12, 20)—is still deficient. It does not include a certified statement of Plaintiff's inmate trust account, is not on the proper form, and contains no affidavit,[3] as required by federal law. So even if the third amended in forma pauperis application had been received within the timeframe provided by Judge Erwin, it would not have been compliant with Judge Erwin's order or federal law.[4] As such, this objection is without merit.

---

[2] The Third Amended Motion to Proceed In Forma Pauperis is dated July 28, 2024 (Dkt. 20).

[3] *See* 28 U.S.C. § 1915(a)(2); LCvR3.3(a) ("An applicant who seeks leave to proceed without prepayment of the filing fees must, at the time of initiating the civil action, suit, or proceeding, submit an application to proceed in forma pauperis on forms approved by this court and supplied by the clerk upon request. Failure to use such forms or to furnish the court with the equivalent information required by the form will result in the application being stricken.").

[4] *See Campanella v. Utah Cnty. Jail*, 78 F. App'x 72, 73 (10th Cir. 2003) (unpublished) ("Because [the plaintiff] received proper notice of the IFP requirements and sufficient time to cure, the district court did not abuse its discretion in dismissing the complaint without prejudice."); *Tyson v. Youth Ventures, L.L.C.*, 42 F. App'x 221, 222 (10th Cir. 2002)

Plaintiff also argues in his objection that Magistrate Judge Erwin has "a level of bias toward the Plaintiff and that the Magistrate Judge should recuse himself from this case[.]" In determining whether a judge should recuse from a matter, "[t]he basic test is whether a reasonable person armed with the relevant facts would harbor doubts about the judge's impartiality."[5] Judge Erwin has gone to great lengths to afford Plaintiff the opportunity to come into compliance with the legal requirements to proceed *in forma pauperis* and court orders. Nothing in the record suggests any level of bias. This objection is also without merit.

Having reviewed the matter *de novo*, the Court **ADOPTS** the Report and Recommendation (Dkt. 19) in full. This matter is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to comply with orders of the Court. Plaintiff's Third Amended Motion to Proceed In Forma Pauperis (Dkt. 20) is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 17th day of December 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

(unpublished) ("[F]ailure to comply in district court with the requirements of § 1915 justifies dismissal.").

[5] *Maez v. Mountain States Tel. and Tel, Inc.*, 54 F.3d 1488, 1508 (10th Cir. 1995) (other citations omitted).